IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNNY RAY MCBRIDE                                           PETITIONER

v.                                        No. 3:12CV29-M-V

E. L. SPARKMAN, ET AL.                                    RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Johnny Ray McBride for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed and for failure to state a claim upon which relief could be granted. McBride has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted and the petition dismiss as untimely filed and for failure to state a constitutional claim.

**Facts and Procedural Posture**

Johnny Ray McBride was convicted of the rape of a female child under the age of 12 in the Circuit Court of Webster County, Mississippi, and was sentenced in November 1984 to serve a term of life in the custody of the Mississippi Department of Corrections. McBride's conviction and sentence were affirmed by the Mississippi Supreme Court. *See McBride v. State,* 492 So. 2d 581 (Miss. 1986). The docket of the United States Supreme Court, posted on the official court website, does not reflect that McBride filed a petition for writ of certiorari to the Court from the decision affirming his direct appeal. He has been considered for parole numerous times. Mississippi Department of Corrections officials have confirmed that McBride was most recently considered for parole in December 2011, when he was denied parole and delayed another parole hearing for two years based upon: "(1) Serious nature of offense, (2) Community opposition, (3)

Insufficient time served, and (4) The Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking pursuant too MISS. CODE ANN. § 47-7-17. of the Mississippi Code Annotated as amended." McBride filed the instant petition for a writ of *habeas corpus* on March 5, 2012.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

McBride's judgment became final ninety days after the state court affirmed his judgment, October 28, 1986 (July 30, 1986 + 90 days). *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v.*

*Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). However, the AEDPA's one-year time limit does not begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. Rather, federal *habeas corpus* applicants whose convictions became final prior to April 24, 1996, are entitled to a one-year grace period until April 24, 1997, to file for federal *habeas corpus* relief. *See Grillete v. Warden, Winn Correctional Center,* 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). In other words, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's statute of limitations. McBride did not file any post-conviction motions as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 24, 1997; as such he does not enjoy statutory tolling of the limitations period. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed on March 5, 2012, some fifteen years after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition challenging the validity of McBride's conviction and sentence will thus dismissed with prejudice and without evidentiary hearing as

untimely filed under 28 U.S.C. § 2244(d).

## Challenge to Denial of Parole

In Ground Three of his petition, McBride also challenges the Mississippi Parole board's decision to deny him parole. McBride alleges in the instant petition that he has been denied "his liberty interest to be unconditionally discharged after 28 years of confinement." McBride was most recently denied parole in December 2011, when parole was denied and another hearing delayed for two years because of: "(1) Serious nature of offense, (2) Community opposition, (3) Insufficient time served, and (4) The Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking pursuant too Section 47-7-17 of the Mississippi Code Annotated as amended."

McBride's challenge to the denial of parole by the Mississippi Parole Board will be dismissed for failure to state a claim upon which relief could be granted. McBride must have been deprived of some right secured to him by the Constitution or the laws of the United States to maintain a petition for *habeas corpus*. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). If a petitioner does not claim the violation of a constitutional right, that claim must fail. *Irving, supra* at 1216.

McBride's challenge to the denial of parole sets forth a claim regarding state law only. He not asserted the deprivation of an interest protected under federal law. The Mississippi parole statutes, MISS. CODE ANN. § 47-7-1, et seq., (1972), as amended, confer absolute discretion on the Parole Board and, therefore, do not afford a prisoner a constitutionally protected liberty interest in parole. *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th

Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole); *Irving v. Thigpen, supra*, (". . . the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole").

The Parole Board's decision to deny parole is within the scope of the Board's discretion. *See* MISS. CODE ANN. § 47-7-17 (1972), as amended (providing that parole is granted "only for the best interest of society, not as an award of clemency . . . [nor as] a reduction of sentence or pardon . . . [but only] when the board believes that [an inmate] is able and willing to fulfill the obligations of a law-abiding citizen.") Parole in Mississippi is not a right, but a privilege, which the parole board may grant or deny in its discretion. Additionally, the Mississippi Supreme Court held in *Mitchell v. State*, 561 So.2d 1037, 1039 (Miss. 1990), that "[t]he granting of parole or denial of parole . . . is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority."

In *Davis v. State*, 429 So.2d 262 (Miss. 1983) the Court held:

> A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state – to be sure, not arbitrarily – as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979).

The Parole Board set forth its reasons for denying parole and setting off its consideration for two years, and they were not arbitrary. As such, the portion of the instant federal petition for a writ of *habeas corpus* challenging will be dismissed for failure to state a claim upon which relief could be granted.

In sum, the instant petition for a writ of *habeas corpus* will be dismissed as untimely

filed, and the portion challenging the denial of parole will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of March, 2013.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**